| | |
|---|---|
| 1 | Robert Tauler (SBN 241964) |
| 2 | Tauler Smith LLP |
| | 8605 Santa Monica Blvd #86963 |
| 3 | Los Angeles, CA 90069-4109 |
| | (310) 590-3927 |
| 4 | rtauler@taulersmith.com |
| 5 | Attorneys for Plaintiff |
| 6 | NUTRITION DISTRIBUTION LLC |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FULFILLMENT PROS LLC, a Florida limited liability company, AME HOLDINGS GROUP, PTG GROUP INC., a Florida corporation, AUSTIN RAMPT, an individual, BLAKE MADGETT, an individual, KIMBERLEY BORKHATARIA, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. '16CV3115 BAS JLB<br><br>**COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 42 (a)(1)(B))**<br><br>**[DEMAND FOR A JURY TRIAL]** |

COMPLAINT

Plaintiff Nutrition Distribution, LLC, d.b.a. Athletic Xtreme ("Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendants Fulfillment Pros LLC, a Florida limited liability company, PTG Group Inc., a Florida corporation (collectively, d.b.a. "Extreme Peptide" and referred to herein thereby), AME Holdings Group, believed to be a Florida partnership, Austin Rampt, an individual, Blake T. Madgett, an individual, and Kimberley Borhataria, an individual (Extreme Peptide, AME Holdings Group, Austin Rampt, Blake Madgett and Kimberley Borhataria shall be referred to herein collectively as "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1. This is a civil action arising out of Extreme Peptide's false and misleading advertising with respect to several products on its website, http://www.extremepeptides.com, and various other on-line retail marketplaces (collectively, the "Websites"). For example and without limitation, Extreme Peptide is unlawfully advertising, marketing, distributing and/or offering for sale a range of products (the "SARMs Products") containing Selective Androgen Receptor Modulators ("SARMs") such as, without limitation, Cardarine (also known as "GW-501516") and Ibutamoren (also known as "MK-677"). SARMs, like those contained in the SARMs Products, are synthetic drugs intended to have effects similar to those of illegal anabolic steroids.

2. SARMs Products are generally acknowledged by the medical community to be unsafe for human consumption. Indeed, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "***highly dangerous to public safety***." (Emphasis added.)

3. Certain of Defendant's marketing materials imply that Defendant is aware of the dangers posed by human consumption of SARMs. On its Websites, Defendant refers to its SARMs Products as "research chemicals" which "are for laboratory research only" and "not for human consumption." However, through other promotional materials,

Defendant specifically markets its various SARMs Products as "dietary supplements" to bodybuilders, gym users, fitness enthusiasts and athletes, promising these consumers numerous purported benefits without any of the negative side effects of anabolic steroids.

4. This duplicitous marketing scheme amounts to a false, misleading, illegal and deceptive advertising campaign to promote and sell its SARMs Products. Such practices have violated the Lanham Act, unjustly enriched Defendant at the expense of Plaintiff and caused Plaintiff extensive and irreparable harm, including but not limited to, loss of revenue, disparagement and loss of goodwill.

5. Among other things, this action seeks to enjoin Defendant from the marketing and sale of any and all products containing SARMs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

7. This Court has personal jurisdiction over Defendant because Defendant has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold and advertised its SARMs Products in the United States, the State of California and this district. Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district. *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

**COMPLAINT**

## PARTIES

9. Plaintiff Nutrition Distribution, LLC, d.b.a. Athletic Xtreme ("Plaintiff"), is an Arizona limited liability company with its principal place of business at 14215 N. 8th Pl., Phoenix, Arizona, 85022.

10. Defendant Fulfillment Pros LLC is a Florida limited liability company which lists 3923 Lake Worth Road, Lake Worth, Florida 33462 as its principal business address.

11. Defendant AME Holdings Group is, on information and belief, a Florida partnership and the current Manager of Fulfillment Pros LLC, which lists 3923 Lake Worth Road, Lake Worth, Florida 33462 as its address.

12. Defendant PTG Group Inc. is a Florida corporation which is, on information and belief, a current or former owner of Extreme Peptide and which lists 11159 54th Street North, West Palm Beach, Florida 33411 as its principal business address.

13. Defendant Austin Rampt is, on information and belief, the registered agent of Fulfillment Pros LLC and lists 3923 Lake Worth Road, Lake Worth, Florida 33462 as his address.

14. Defendant Blake T. Madgett is, on information and belief, the registered agent and President of PTG Group Inc. and lists 11159 54th Street North, West Palm Beach, Florida 33411 as his address.

15. Defendant Kimberley Borhataria is, on information and belief, the Chief Financial Officer of PTG Group Inc. and lists 11159 54th Street North, West Palm Beach, Florida 33411 as her address.

16. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences

herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

17. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States. A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years. The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act and other illegal activity.

### Plaintiff Nutrition Distribution and "Advanced PCT"

18. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for bodybuilding.

19. Plaintiff has products in several categories of body building products, including pre-workouts, muscle-gainers, fat burners and male performance enhancement.

20. Around 2008, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world.

21. After devoting its resources for over a year on product development and testing, Plaintiff introduced "Advanced PCT" in July 2009.

### SARMs and Their Dangers

22. Unlike Advanced PCT, SARMs have been shown by published, peer-reviewed clinical studies to be unsafe for human consumption. Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, clinical trials regarding Cardarine were abandoned by GlaxoSmithKline in 2007 because animal testing showed that the

drug *caused cancer to develop rapidly in several organs*. Thus generally, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "*highly dangerous to public safety*." (Emphasis added throughout this paragraph.)

23. In addition, SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency.

### Defendant Extreme Peptide and Its SARMs Products

24. Defendant is a nutritional supplement company based in Florida who directly competes with Plaintiff in the fitness supplement marketplace.

25. Certain of Defendant's marketing materials imply that Defendant is aware of the general medical consensus regarding the dangers posed by human consumption of SARMs. On its Websites, Defendant refers to its SARMs Products as "research chemicals" which "are for laboratory research only" and "not for human consumption."

26. However, through other promotional materials, Defendant specifically markets its various SARMs Products as "dietary supplements" to body builders, gym users, fitness enthusiasts and athletes, promising these consumers numerous purported benefits without any of the negative side effects of anabolic steroids. For example, and without limitation, Extreme Peptide posted advertisements on bodybuilding websites such as http://www.ironmagazineforums.com/ containing discount codes and contest announcements for free products. Further, Extreme Peptide frequently asks users of bodybuilding forums to post reviews of its "research chemicals" in forums and on websites such as http://www.eroids.com, where users can find 408 reviews from bodybuilders and athletes. It is patently obvious that these websites are frequented primarily by fitness enthusiasts, not legitimate scientists, and accordingly, it is equally clear that Defendant intends to advertise to this group of users, not clinicians conducting legitimate research.

27. Defendant's duplicitous, misleading and false advertising is harmful to the marketplace for dietary and nutritional supplements, as well as to the health of individual consumers. Defendant has created an illegitimate marketplace of young bodybuilders who will gain muscle at all costs, but who are not informed of the dangers of Defendant's SARMs Products. Users of such products have little incentive to use a natural product like Advanced PCT until they are hurt or the SARMs Products are taken off the shelves.

## CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

28. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

29. Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its SARMs Products, by, without limitation, mislabeling such products as "not for human consumption" while simultaneously marketing the same products directly to bodybuilders and fitness enthusiasts without mentioning, and in some cases expressly denying, the overwhelming clinical evidence that such products pose extreme health risks.

30. The use of such falsely marketed substances has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

31. This deception is material because (i) it is likely to influence a consumer's purchasing decision, especially if such consumer is concerned about the health consequences of taking anabolic steroids or other similarly governmentally regulated chemicals, and (ii) such decision could lead to dangerous and unanticipated health consequences for such consumers.

32. Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on various websites and shipment of its products into interstate commerce.

33. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Extreme Peptide and the loss of goodwill in Plaintiff's products. Indeed, Extreme Peptide's conduct is a black eye on the industry as a whole and has the tendency to disparage Plaintiff's products and goodwill.

34. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics and qualities of Defendant's products in violation of Section 43(a)(1)(B) of the Lanham Act.

///
///
///

**COMPLAINT**

## PRAYER

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against Defendant as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing and selling any product containing any SARMs, including, without limitation, the SARMs Products;
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;
7. For costs and attorneys' fees; and
8. Any other relief the Court may deem appropriate.

DATED: December 20, 2016          TAULER SMITH LLP


By: ___/s/ Robert Tauler_____
    Robert Tauler
    NUTRITION DISTRIBUTION LLC

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: December 20, 2016                TAULER SMITH LLP


                                        By: ___/s/ Robert Tauler_____
                                            Robert Tauler
                                            NUTRITION DISTRIBUTION LLC